# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
04/27/2015
CT Log Number 527021913

**TO:**   Roberta Lang
Whole Foods Market, Inc.
550 Bowie St
Austin, TX 78703-4644

**RE:**   **Process Served in Missouri**

**FOR:**   Whole Foods Market Group, Inc. (Domestic State: DE)

---

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Lois Bryant, individually and on behalf of all others similarly situated in Missouri, Pltf. vs. Whole Foods Market Group Inc, Dft. |
| **DOCUMENT(S) SERVED:** | Reply Envelope, Notice(s) and Acknowledgement(s), Summons, Petition |
| **COURT/AGENCY:** | 22nd Judicial Circuit Court of City of St Louis, MO
Case # 1522CC00884 |
| **NATURE OF ACTION:** | Product Liability Litigation - Manufacturing Defect - Wrongful Death - Gluten Free All Natural Nutmeal Raisin Cookies |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Clayton, MO |
| **DATE AND HOUR OF SERVICE:** | By Certified Mail on 04/27/2015 postmarked on 04/01/2015 |
| **JURISDICTION SERVED :** | Missouri |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days |
| **ATTORNEY(S) / SENDER(S):** | Matthew Hall Armstrong
Armstrong Law Firm LLC
8816 Manchester Rd.
No. 109
St. Louis, MO 63144
314-258-0212 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 04/28/2015, Expected Purge Date: 05/03/2015
Image SOP
Email Notification, Email Process SOP@WHOLEFOODS.COM
Email Notification, Roberta Lang barbara.jenkins@wholefoods.com |
| **SIGNED:** | C T Corporation System |
| **ADDRESS:** | 120 South Central Avenue
Suite 400
Clayton, MO 63105 |
| **TELEPHONE:** | 314-863-5545 |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.





Armstrong Law Firm LLC
8816 Manchester Rd. Ste. 109
St. Louis MO 63144

Matthew Armstrong
Armstrong Law Firm LLC
8816 Manchester Rd. Ste. 109
St. Louis MO 63144



**IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC00884 |
| Plaintiff/Petitioner:<br>LOIS BRYANT<br><br>vs. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Defendant/Respondent:<br>WHOLE FOODS MARKET GROUP, INC | |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Notice and Acknowledgement for Service by Mail
### (Circuit Division Cases)

### Notice

**To: WHOLE FOODS MARKET GROUP, INC**

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

  The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

  You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days of 24-APR-2015.

  If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

  If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

  If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign in acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

**I declare, under penalty of perjury, that this notice was mailed on 24-APR-2015.**

_____
Signature

---

### Acknowledgment of Receipt of Summons and Petition

  I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____   _____
Date                  Signature

                _____
                Relationship to Entity/Authority to receive service of process



## IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC00884 |
|---|---|
| Plaintiff/Petitioner:<br>LOIS BRYANT<br><br>vs. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Defendant/Respondent:<br>WHOLE FOODS MARKET GROUP, INC | |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Notice and Acknowledgement for Service by Mail
(Circuit Division Cases)

### Notice

**To: WHOLE FOODS MARKET GROUP, INC**

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days of 24-APR-2015.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity. If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign in acknowledgment below. If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

I declare, under penalty of perjury, that this notice was mailed on 24-APR-2015.

_____
Signature

### Acknowledgment of Receipt of Summons and Petition

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

_____        _____
Date                                              Signature

_____
Relationship to Entity/Authority to receive service of process



**IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI**

| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC00884 |
|---|---|
| Plaintiff/Petitioner:<br>LOIS BRYANT | Plaintiff's/Petitioner's Attorney/Address:<br>MATTHEW HALL ARMSTRONG<br>8816 MANCHESTER RD<br>SUITE 109<br>SAINT LOUIS, MO 63144 |
| vs. | |
| Defendant/Respondent:<br>WHOLE FOODS MARKET GROUP, INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Summons for Service by Registered or Certified Mail

**The State of Missouri to:** WHOLE FOODS MARKET GROUP, INC
Alias:

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105



COURT SEAL OF

CITY OF ST LOUIS

        You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner, or Plaintiff/Petitioner, if pro se, at the above address all within 30 days after the return registered or certified mail receipt signed by you has been filed in this cause. If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in the petition.

         **APRIL 24, 2015**                          **Thomas Kloepfinger**
            Date Issued                                      Clerk

    Further Information:

## Certificate of Mailing

    I certify that on _____ (date), I mailed a copy of this summons and a copy of the petition to Defendant/Respondent WHOLE FOODS MARKET GROUP, INC by registered or certified mail, requesting a return receipt by the addressee only, to the said Defendant/Respondent at the address furnished by Plaintiff/Petitioner.


    _____          _____
            Date                                Clerk


OSCA (7-99) SM90 (SMCM)  *For Court Use Only:* Document ID # 15-SMCM-25          1 of 1          S.C. Form 4; Rule 54.12b, 506.150 RSMo

**1522-CC00884**

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | | |
|---|---|---|
| LOIS BRYANT, individually and on behalf of all others similarly situated in Missouri, | ) ) ) ) | |
| Plaintiff, | ) ) | No. _____ |
| v. | ) ) | |
| WHOLE FOODS MARKET GROUP INC., | ) ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) ) | |
| Serve by Mail to: Whole Foods Market Group Inc. c/o CT Corporation System 120 South Central Ave. Clayton MO 63105 | ) ) ) ) ) | |

### PETITION AND JURY DEMAND

Plaintiff, Lois Bryant, individually and on behalf of all others similarly situated in Missouri, alleges the following facts and claims upon personal knowledge, investigation of counsel, and information and belief.

### NATURE OF THE CASE

1.      This case arises out of Defendant Whole Foods Market Group Inc.'s ("WF" or "Defendant") deceptive, unfair, and false merchandising practices regarding its Gluten Free All-Natural Nutmeal Raisin Cookies (the "Cookies").

2.      The ingredient list of the Cookies includes the ingredient "evaporated cane juice" ("ECJ"). In reality, however, ECJ is not a juice—it is sugar.  By disguising and naming sugar as ECJ, Defendant falsely and misleadingly lead Missouri consumers to believe the Cookies do not contain as much sugar as they in fact contain.

1

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

3.     Plaintiff brings this case to recover damages for Defendant's false, deceptive, and misleading marketing and advertising in violation of the Missouri Merchandising Practices Act ("MMPA") and Missouri common law.

**PARTIES**

4.     Plaintiff, Lois Bryant is a resident of Missouri. On at least one occasion during the Class Period (as defined below), including in April 2015, Plaintiff purchased the Cookies for personal, family, or household purposes. The purchase price of the Cookies was $6.99. The value of Plaintiff's claim is typical of all class members in this regard.

5.     Whole Foods is a Texas corporation with its principal place of business in Austin, TX. Whole Foods has registered to do business in the state of Missouri and can be served through its registered agent in Missouri, CT Corporation System, 120 South Central Ave., Clayton, MO 63105.

**JURISDICTION AND VENUE**

6.     This Court has subject matter jurisdiction over this action because the amount in controversy exceeds the minimum jurisdictional limits of the Court. The amount in controversy, however, is less than $75,000 per Plaintiff and Class Member individually and less than $5,000,000 in the aggregate. Indeed, Plaintiff believes and alleges that the total value of her individual claims is, at most, equal to the refund of the purchase price he paid for the Cookies. Moreover, because the value of Plaintiff's claims is typical of all class members with respect to the value of the claim, the total damages of Plaintiff and Class Members, inclusive of costs and attorneys' fees, will not exceed $4,999,999 and is far less than the five million dollar ($5,000,000) minimum threshold to create federal court jurisdiction. There is therefore no diversity or CAFA jurisdiction for this case.

2

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

7.     Defendant cannot plausibly allege that it had sufficient sales of the Cookies in Missouri during the Class Period to establish an amount in controversy that exceeds CAFA's jurisdictional threshold.

8.     This Court has personal jurisdiction over Defendant pursuant to Missouri Code § 506.500, as Defendant has had more than minimum contact with the State of Missouri and has purposefully availed itself of the privilege of conducting business in this state. In addition, as explained below, Defendant has committed affirmative tortious acts within the State of Missouri that gives rise to civil liability, including distributing the fraudulent Cookies for sale throughout the State of Missouri.

9.     Venue is proper in this forum pursuant to Missouri Code § 508.010 because plaintiff's injury occurred in St. Louis and because Defendant is not a resident of this State.

10.    Plaintiff and Class Members do not seek to recover punitive damages or statutory penalties in this case.

11.    Pursuant to Missouri Rule of Civil Procedure 8(a), this pleading demands unliquidated damages. Accordingly, it is intended, and shall by rule be interpreted, to limit recovery to an amount less than that required for diversity or CAFA jurisdiction in federal court.

## BACKGROUND AND FACTUAL ALLEGATIONS

12.    The Federal Food, Drug, and Cosmetic Act ("FDCA") gives the FDA the responsibility to protect the public health by ensuring that "foods are safe, wholesome, sanitary, and properly labeled," 21 U.S.C. § 393(b)(2)(A), and the FDA has promulgated regulations pursuant to this authority. *See e.g.,* 21 C.F.R. § 101.1 *et seq.*.

3

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

13.     Congress passed the Nutrition Labeling and Education Act of 1990 amending the FDCA to prescribe national uniform nutrition labeling for foods. HR Rep 101–538 (June 13, 1990).

14.     Under FDCA section 403(a), a food is "misbranded" if "its labeling is false or misleading in any particular," or if it does not contain certain information on its label or its labeling. 21 U.S.C. § 343(a).

15.     While there is no private right of enforcement under the FDCA, conduct that violates the FDCA is actionable under state law if it also violates state consumer protection statutes. *See In re Medtronic, Inc., Sprint Fidelis Leads Products Liab. Litig.*, 623 F.3d 1200, 1204 (8th Cir. 2010) (describing the "narrow gap" through which a plaintiff's state-law claim must fit if it is to escape express or implied preemption. The plaintiff must be suing for conduct that violates the FDCA, but the plaintiff must not be suing because the conduct violates the FDCA).

<u>Evaporated Cane Juice</u>

16.     In its guidance for industry and warning letters to manufacturers, the FDA has repeatedly stated its policy of restricting the ingredient names listed on product labels to their common or usual name, as provided in 21 C.F.R. § 101.4(a)(1).

17.     An ingredient's common or usual name is the name established by common usage or regulation, as provided in 21 C.F.R. § 102.5(d).

18.     The common or usual name must accurately describe the basic nature of the food or its characterizing properties or ingredients, and may not be "confusingly similar to the name of the other food that is not reasonably encompassed within the same name," as provided in 21 C.F.R. § 102.5(a).

4

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

19.     In October 2009, the FDA issued Guidance for Industry[1] concerning "evaporated cane juice" claims stating:

- the term "evaporated cane juice" has started to appear as an ingredient on food labels, most commonly to declare the presence of sweeteners derived from sugar cane syrup. However, FDA's current policy is that sweeteners derived from sugar cane syrup should not be declared as "evaporated cane juice" because that term falsely suggests that the sweeteners are juice...

- "Sugar cane products with common or usual names defined by regulation are sugar (21 CFR 101.4(b)(20)) and cane sirup (alternatively spelled "syrup") (21 CFR 168.130). Other sugar cane products have common or usual names established by common usage (e.g., molasses, raw sugar, brown sugar, turbinado sugar, muscovado sugar, and demerara sugar)...

- "The intent of this draft guidance is to advise the regulated industry of FDA's view that the term "evaporated cane juice" is not the common or usual name of any type of sweetener, including dried cane syrup. Because cane syrup has a standard of identity defined by regulation in 21 CFR 168.130, the common or usual name for the solid or dried form of cane syrup is "dried cane syrup."...

- "Sweeteners derived from sugar cane syrup should not be listed in the ingredient declaration by names which suggest that the ingredients are juice, such as "evaporated cane juice." FDA considers such representations to be false and misleading under section 403(a)(1) of the Act (21 U.S.C. 343(a)(1)) because they fail to reveal the basic nature of the food and its characterizing properties (i.e., that the ingredients are sugars or syrups) as required by 21 CFR 102.5. Furthermore, sweeteners derived from sugar cane syrup are not juice and should not be included in the percentage juice declaration on the labels of beverages that are represented to contain fruit or vegetable juice (see 21 CFR 101.30).

20.     Defendant nonetheless falsely and misleadingly listed "evaporated cane juice" as an ingredient on the Cookies, when that ingredient was in fact sugar:

---

[1] *See*
http://www.fda.gov/Food/GuidanceComplianceRegulatoryInformation/GuidanceDocuments/FoodLa
belingNutrition/ucm181491.htm

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM





Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

21.     Missouri consumers are thus misled into purchasing the Cookies believing the Cookies do not contain as much sugar as they in fact contain.

<u>Defendant's False and Misleading Practices</u>

22.     Defendant manufactures, sells, and distributes baked products, including the Cookies.

23.     Knowing that consumers like Plaintiff are more-and-more interested in purchasing healthy food products are free of added sugar, WF has sought to take advantage of this growing market by labeling certain products as containing "evaporated cane juice" instead of sugar.

24.     By affixing such a label and ingredient list to the packaging of the Cookies, WF is able to entice consumers like Plaintiff to pay a premium for supposed the products that appear to contain evaporated cane juice instead of sugar.

25.     The label of the Cookies is deceptive, false, and misleading in that WF represents contain ECJ, when in fact the Cookies contain and sugar.

26.     Defendant's misrepresentations violate the MMPA's prohibition of the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce. § 407.020, RSMo.

**CLASS ALLEGATIONS**

27.     Pursuant to Missouri Rule of Civil Procedure 52.08 and § 407.025.2 of the MMPA, Plaintiff brings this action on his own behalf and on behalf of a proposed class of all other similarly situated persons ("Class Members" of the "Class") consisting of:

7

Electronically Filed - City of St. Louis - April 23, 2015 - 06:00 PM

All persons in Missouri who purchased Gluten Free All-
Natural Nutmeal Raisin Cookies in the five years preceding
the filing of this Petition (the "Class Period").

28.     Excluded from the Class are: (a) federal, state, and/or local governments,
including, but not limited to, their departments, agencies, divisions, bureaus, boards, sections,
groups, counsels, and/or subdivisions; (b) any entity in which Defendant has a controlling
interest, to include, but not limited to, their legal representative, heirs, and successors; (c) all
persons who are presently in bankruptcy proceedings or who obtained a bankruptcy discharge in
the last three years; and (d) any judicial officer in the lawsuit and/or persons within the third
degree of consanguinity to such judge.

29.     Upon information and belief, the Class consists of hundreds or thousands of
purchasers. Accordingly, it would be impracticable to join all Class Members before the Court.

30.     There are numerous and substantial questions of law or fact common to all of the
members of the Class and which predominate over any individual issues.  Included within the
common question of law or fact are:

        a.      Whether listing "evaporated cane juice" as an ingredient is false,
misleading, and deceptive;

        b.      Whether Defendant violated the MMPA by selling the Cookies with false,
misleading, and deceptive representations;

        c.      Whether Defendant's acts constitute deceptive and fraudulent business
acts and practices or deceptive, untrue, and misleading advertising; and

        d.      The proper measure of damages sustained by Plaintiff and Class Members.

31.     The claims of the Plaintiff are typical of the claims of Class Members, in that they
share the above-referenced facts and legal claims or questions with Class Members, there is a

8

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

sufficient relationship between the damage to Plaintiff and Defendant's conduct affecting Class Members, and Plaintiff has no interests adverse to the interests other Class Members.

32.     Plaintiff will fairly and adequately protect the interests of Class Members and have retained counsel experienced and competent in the prosecution of complex class actions including complex questions that arise in consumer protection litigation.

33.     A class action is superior to other methods for the fair and efficient adjudication of this controversy, since individual joinder of all Class Members is impracticable and no other group method of adjudication of all claims asserted herein is more efficient and manageable for at least the following reasons:

      a.  The claim presented in this case predominates over any questions of law or fact, if any exists at all, affecting any individual member of the Class;

      b.  Absent a Class, the Class Members will continue to suffer damage and Defendants' unlawful conduct will continue without remedy while Defendant profits from and enjoys its ill-gotten gains;

      c.  Given the size of individual Class Members' claims, few, if any, Class Members could afford to or would seek legal redress individually for the wrongs Defendant committed against them, and absent Class Members have no substantial interest in individually controlling the prosecution of individual actions;

      d.  When the liability of Defendant has been adjudicated, claims of all Class Members can be administered efficiently and/or determined uniformly by the Court; and

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

e. This action presents no difficulty that would impede its management by the court as a class action, which is the best available means by which Plaintiff and members of the Class can seek redress for the harm caused to them by Defendant.

34.     Because Plaintiff seeks relief for the entire Class, the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual member of the Class, which would establish incompatible standards of conduct for Defendant.

35.     Further, bringing individual claims would overburden the Courts and be an inefficient method of resolving the dispute, which is the center of this litigation. Adjudications with respect to individual members of the Class would, as a practical matter, be dispositive of the interest of other members of the Class who are not parties to the adjudication and may impair or impede their ability to protect their interests. As a consequence, class treatment is a superior method for adjudication of the issues in this case.

### CLAIMS FOR RELIEF

#### First Claim for Relief

#### Violation of Missouri's Merchandising Practices Act

30.     Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

31.     Missouri's Merchandising Practices Act (the "MMPA") prohibits the act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce § 407.020, RSMo.

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

32.    Defendant's conduct constitutes the act, use or employment of deception, fraud, false pretenses, false promises, misrepresentation, unfair practices and/or the concealment, suppression, or omission of any material facts in connection with the sale or advertisement of any merchandise in trade or commerce in that Defendant lists ECJ as an ingredient, instead of calling it sugar.

33.    Because the Cookies contain undisclosed sugar, Plaintiff and Class Members paid more for the Cookies than they would have if they had known they contained undisclosed sugar. The Cookies as purchased were worth less than the Cookies as represented.

34.    Plaintiff and Class Members purchased the Cookies for personal, family, or household purposes and thereby suffered an ascertainable loss as a result of Defendant's unlawful conduct as alleged herein, including the difference between the actual value of the product and the value of the product if it had been as represented.

35.    Defendant's unlawful practices have caused similar injury to Plaintiff and numerous other persons.  § 407.025.2.

<u>**Second Claim for Relief**</u>

**Unjust Enrichment**

36.    Plaintiff repeats and re-alleges the allegations of the preceding paragraphs as if fully set forth herein.

37.    By purchasing the Cookies, Plaintiff and the class members conferred a benefit on Defendant in the form of the purchase price of the fraudulent product.

38.    Defendant appreciated the benefit because, were consumers not to purchase the Cookies, Defendant would have no sales and make no money.

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

39.     Defendant's acceptance and retention of the benefit is inequitable and unjust because the benefit was obtained by Defendant's fraudulent and misleading representations about the Cookies as set forth herein.

40.     Equity cannot in good conscience permit Defendant to be economically enriched for such actions at Plaintiff and Class Members' expense and in violation of Missouri law, and therefore restitution and/or disgorgement of such economic enrichment is required.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all similarly situated persons, prays the Court:

a.     Grant certification of this case as a class action;

b.     Appoint Plaintiff as Class Representative and Plaintiff's counsel as Class Counsel;

c.     Award compensatory damages to Plaintiff and the proposed Class in an amount which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class, or, alternatively, require Defendant to disgorge or pay restitution in an amount which, when aggregated with all other elements of damages, costs, and fees, will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class;

d.     Award pre- and post-judgment interest in an amount which, collectively with all other elements of damages, costs, and fees will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class;

12

Electronically Filed - City of St. Louis - April 23, 2015 - 05:00 PM

e.    Award reasonable and necessary attorneys' fees and costs to Class counsel, which, collectively with all other elements of damages, costs, and fees will not exceed $75,000 per Class Member and/or $4,999,999 for the entire Class; and

g.    For all such other and further relief as may be just and proper.

Dated: April 23, 2015          LOIS BRYANT, Individually, and on Behalf of a Class of Similarly Situated Individuals, Plaintiff

By:   /s/ Matthew H. Armstrong
      Matthew H. Armstrong (MoBar 42803)
      ARMSTRONG LAW FIRM LLC
      8816 Manchester Rd., No. 109
      St. Louis MO 63144
      Tel: 314-258-0212
      Email: matt@mattarmstronglaw.com

                and

      Julie Piper-Kitchin (MoBar 60737)
      KamberLaw LLC
      4514 Cole Ave., Ste. 600
      Dallas, TX 75205
      (214) 306-4854
      jkitchin@kamberlaw.com

      Attorneys for Plaintiff and the Putative Class

13

Electronically Filed - City of St. Louis - May 26, 2015 - 04:15 PM



**IN THE 22ND JUDICIAL CIRCUIT COURT, CITY OF ST LOUIS, MISSOURI**

| | |
|---|---|
| Judge or Division:<br>BRYAN L HETTENBACH | Case Number: 1522-CC00884 |
| Plaintiff/Petitioner:<br>LOIS BRYANT<br><br>vs. | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101 |
| Defendant/Respondent:<br>WHOLE FOODS MARKET GROUP, INC | |
| Nature of Suit:<br>CC Other Tort | (Date File Stamp) |

## Notice and Acknowledgement for Service by Mail
### (Circuit Division Cases)

**Notice**

To:  WHOLE FOODS MARKET GROUP, INC

CT CORPORATION SYSTEM
120 SOUTH CENTRAL AVE
CLAYTON, MO 63105

The enclosed summons and petition are served pursuant to Missouri Supreme Court Rule 54.16.

You may sign and date the acknowledgement part of this form and return one copy of the completed form to the sender within thirty days of 24-APR-2015.

If you are served on behalf of a corporation, unincorporated association, including a partnership, or other entity, you must indicate under your signature your relationship to that entity.  If you are served on behalf of another person and you are authorized to receive process, you must indicate under your signature your authority.

If you do not complete and return the form to the sender within thirty days, you or the party on whose behalf you are being served may be required to pay any expenses incurred in serving a summons and petition in any other manner permitted by law.

If you do complete and return this form, you or the party on whose behalf you are being served must answer the petition within thirty days of the date you sign in acknowledgment below.  If you fail to do so, judgment by default may be taken against you for the relief demanded in the petition.

I declare, under penalty of perjury, that this notice was mailed on 24-APR-2015.

_____
Signature

---

**Acknowledgment of Receipt of Summons and Petition**

I declare, under penalty of filing a false affidavit, that I received a copy of the Summons and of the Petition in the above captioned matter.

5/26/15
_____
Date

_____
Signature

Counsel
_____
Relationship to Entity/Authority to receive service of process

Electronically Filed - City of St. Louis - May 26, 2015 - 04:15 PM

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing **NOTICE AND
ACKNOWLEDGEMENT FOR SERVICE BY MAIL** was served by e-filing through the
Missouri Electronic Filing System  and by certified mail on May 26, 2015 to the following
recipient:

Matthew H. Armstrong, Esq.
ARMSTRONG LAW FIRM LLC
8816 Manchester Road, No. 109
St. Louis, MO 63144
matt@mattarmstronglaw.com

Julie Piper-Kitchin
KamberLaw LLC
4514 Cole Avenue, Suite 600
Dallas, TX  75205
jkitchin@kamberlaw.com

Attorneys for Plaintiff

*/s/ Michael W. Kopp*
Michael W. Kopp

19968985v.1

## CERTIFICATE OF SERVICE

I hereby certify that on the 25th day of June, 2015, I electronically filed the foregoing

NOTICE OF REMOVAL with the Clerk of the Court using the CM/ECF system, and mailed by

federal express, postage prepaid, true and correct copies to the following counsel of record for

Plaintiff Lois Bryant:

Matthew H. Armstrong, Esq.
ARMSTRONG LAW FIRM LLC
8816 Manchester Road, No. 109
St. Louis, MO 63144

Julie Piper-Kitchin, Esq.
KAMBERLAW LLC
4514 Cole Avenue, Ste. 600
Dallas, TX 75205

*/s/ Michael W. Kopp*
Michael W. Kopp

20239058v.1